# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ABDIWALI MAHMUD MAHAMED, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-00077-CV-W-NKL-P |
| ) | Crim No. 04-00038-01-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the Court is Abdiwali Mahmud Mahamed's Motion Pursuant to 60(b)(4), requesting that this Court "void the judgment of the Court's sentence." [Doc. # 16]. Mr. Mahamed had been sentenced to a total term of 48 months for violating the terms of his supervised release. For the following reasons, the Court DENIES the Motion.

There is no civil proceeding to which Mr. Mahamed wishes the Court to apply Federal Rule of Civil Procedure 60(b)(4). Rather, Mr. Mahamed asks the Court to apply Rule 60(b)(4) to the Court's decision that imposed a 48-month prison term. It is improper for Mr. Mahamed to seek relief from the sentence he received in a criminal proceeding by using a rule of civil procedure. Indeed, the Federal Rules of Civil Procedure govern "all civil actions" in federal court, whereas Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Civ. P. 1; Fed. R.

1

Crim P. 1.

The Court construes Mr. Mahamed's request liberally, however, as a petition for modification of sentence pursuant to 18 U.S.C. § 3582. A court has the authority to modify a sentence subsequent to sentencing only in three limited circumstances, none of which exist here. The first circumstance requires a motion of the Director of the Bureau of Prisons, which is not present here. § 3582(c)(1)(A). The second circumstance involves application of Rule 35 of the Federal Rules of Criminal Procedure or a statute expressly giving the court authority to modify a sentence. § 3582(c)(1)(B). Rule 35 is not applicable here because there was no clerical error and the government has not moved for a downward departure for substantial assistance. Nor is there a statute which authorizes the Court to modify Mr. Mahamed's sentence. The third circumstance applies only to defendants who were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2). This circumstance is also inapplicable to Mr. Mahamed's case. The Court acknowledges Mr. Mahamed's efforts at rehabilitation during incarceration, however, that alone does not give the Court authority to modify his sentence.

Accordingly, it is hereby ORDERED that Abdiwali Mahmud Mahamed's Motion Pursuant to 60(b)(4) [Doc. # 16] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 23, 2011  
Jefferson City, Missouri